# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL 502 HEALTH AND WELFARE TRUST FUND; PLUMBERS AND PIPEFITTERS LOCALS 502 & 633 PENSION TRUST FUND; PLUMBERS AND PIPEFITTERS LOCAL 502 JOINT EDUCATIONAL & TRAINING FUND; MECHANICAL INDUSTRY PROMOTION FUND OF KENTUCKY; PIPING INDUSTRY COOPERATIVE OF KENTUCKIANA; and PLUMBERS, PIPEFITTERS AND SERVICE TECHNICIANS LOCAL 502,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>LOUISVILLE MECHANICAL SERVICES, INC. d/b/a LOUISVILLE MECHANICAL SERVICES d/b/a LOUISVILLE MECHANICAL d/b/a LOUISVILLE HVAC SERVICES f/k/a LOUISVILLE MECHANICAL LOUISVILLE SERVICES, INC., a Kentucky Corporation,<br><br>　　　　　　　Defendant. | Civil Case No. 3:18-CV-760-RGJ<br><br>(Electronically Filed) |

## COMPLAINT

NOW COME the PLAINTIFFS PLUMBERS AND PIPEFITTERS LOCAL 502 HEALTH AND WELFARE TRUST FUND *et al.*, by and through their counsel, Johnson & Krol, LLC, complaining of Defendant LOUISVILLE MECHANICAL SERVICES, INC. d/b/a LOUISVILLE MECHANICAL SERVICES d/b/a LOUISVILLE MECHANICAL d/b/a LOUISVILLE HVAC SERVICES f/k/a LOUISVILLE MECHANICAL LOUISVILLE SERVICES, INC., and allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PLUMBERS AND PIPEFITTERS LOCAL 502 HEALTH AND WELFARE TRUST FUND ("Welfare Fund"), the PLUMBERS AND PIPEFITTERS LOCALS 502 & 633 PENSION TRUST FUND ("Pension Fund") and the PLUMBERS AND PIPEFITTERS LOCAL 502 JOINT EDUCATIONAL & TRAINING FUND ("Training Fund") (collectively "Trust Funds") are administered at 1313 Berry Boulevard, Louisville, Kentucky 40215, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Western District of Kentucky, Louisville Division.

## PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements between employers and the PLUMBERS, PIPEFITTERS AND SERVICE TECHNICIANS LOCAL 502 ("Union") and, therefore, are multiemployer plans under 29 U.S.C. § 1002.

4. The MECHANICAL INDUSTRY PROMOTION FUND OF KENTUCKY ("Promotion Fund") and the PIPING INDUSTRY COOPERATIVE OF KENTUCKIANA ("LMCC") are funds organized for the benefit of the piping industry.

5. The Union is the bargaining representative of LOUISVILLE MECHANICAL SERVICES, INC. d/b/a LOUISVILLE MECHANICAL SERVICES d/b/a LOUISVILLE

        MECHANICAL d/b/a LOUISVILLE HVAC SERVICES f/k/a LOUISVILLE MECHANICAL LOUISVILLE SERVICES, INC.'s ("Louisville Mechanical") bargaining unit employees.

6. The Defendant Louisville Mechanical is a Kentucky corporation with its principal place of business located at 11121 Plantside Drive, Louisville, Kentucky 40206.

**COUNT I**
**BREACH OF THE COLLECTIVE BARGAINING AGREEMENT**

7. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. Louisville Mechanical is an employer engaged in an industry affecting commerce that agreed to be bound by a Collective Bargaining Agreement ("CBA") with the Union for the period of August 1, 2012 through July 31, 2017. (A copy of the CBA is attached hereto as **Exhibit 1**).

9. Through the CBA, Louisville Mechanical became bound by the provisions of the Agreements and Declarations of Trust that created the Trust Funds (hereinafter referred to as the "Trust Agreements").

10. Pursuant to the Trust Agreements, the Trust Funds adopted a Collection and Bonding Policy and Payroll Compliance Audit Procedures ("Collection Policy/Audit Procedures"). (A copy of the Collection Policy/Audit Procedures is attached as **Exhibit 2**).

11. Section III.3 of the Collection Policy/Audit Procedures states as follows:

> If the Employer fails to respond to the payroll compliance auditor after reasonable attempts, the auditor shall promptly notify the TPA and Collection Counsel. Collection Counsel will issue a written demand and if necessary, initiate litigation to compel the payroll audit. If Collection Counsel is required to initiate litigation, the Employer shall be responsible for the attorney's fees and costs incurred by the Funds.

(**Exhibit 2**).

12. Section III.5 of the Collection Policy/Audit Procedures states as follows:

    > In the event a payroll compliance audit discloses a contribution deficiency that exceeds 3% of the Employer Contributions required for that period, or in the auditor's opinion, the deficiency was caused by anything other than an inadvertent clerical error, the Employer shall be held responsible for the costs of the payroll compliance audit, including all liquidated damages and interest charges, unless otherwise waived by the Board of Trustees, or a duly appointed Collections Subcommittee.

    (**Exhibit 2**).

13. Pursuant to the provisions of the CBA, Louisville Mechanical is required to make monthly reports of hours paid to all bargaining unit employees and pay contributions to the Trust Funds, the Promotion Fund, and the LMCC for each hour worked by its bargaining unit employees.

14. The monthly reports and payments during all times relevant were due on or before the tenth (10th) day of the calendar month following the calendar month during which the work was performed.

15. Pursuant to Section 502(g)(2) of ERISA, the CBA and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds, Promotion Fund and the LMCC on a timely basis are responsible for the payment of liquidated damages at a rate of ten percent (10%) of the delinquent contributions, interest at the rate of eight percent (8%) per annum, and attorney's fees and costs.

16. In addition, Louisville Mechanical is required to deduct dues and other check-off deductions ("union dues") from its covered employees' paychecks and remit the union dues to the Union on a monthly basis.

17. Article VIII, Section 1 of both the Welfare Fund's and the Pension Fund's respective Trust

Agreements provide "[e]ach employer will promptly furnish to the Trustees, upon request, any and all records of his employees, including their names, Social Security numbers, amount of wages paid and hours worked, and any other payroll records or financial information that the Trustees may require in order to determine the accuracy of the Employer's remittance of Employer Contributions."

18. The right the Trust Funds to examine payroll records includes the ability to review the records of **all** of Louisville Mechanical's employees, even those that are not members of the Union, pursuant to *Central States Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985).

19. The Trust Funds sought to audit Louisville Mechanical pursuant to the Trust Agreements.

20. On January 11, 2018, Plaintiffs' auditors, Legacy Professionals, LLP (hereinafter "the Auditors"), notified Louisville Mechanical that they would be conducting a payroll compliance audit of Louisville Mechanical's payroll records from January 1, 2016, to present.

21. Louisville Mechanical refused to cooperate with the Auditors regarding the payroll compliance audit.

22. The Plaintiffs have made repeated demands for Louisville Mechanical to produce records necessary to complete the payroll compliance audit.

23. Louisville Mechanical is obligated to pay whatever contribution deficiencies may be revealed by the payroll compliance audit, along with the resulting liquidated damages and interest.

24. The Plaintiffs have been required to employ the undersigned attorneys to compel Louisville Mechanical to comply with the payroll compliance audit.

25. The Plaintiffs have complied with all conditions precedent in bringing this suit.

26. Louisville Mechanical is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, Collection Policy/Audit Procedures, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter an Order requiring Louisville Mechanical to comply with a payroll compliance audit for the period of January 1, 2016, through present;

B. That Judgment be entered in favor of Plaintiffs and against Defendant Louisville Mechanical in an unknown amount for any and all contributions and union dues revealed in the payroll compliance audit, along with the resulting liquidated damages and interest;

C. That Judgment be entered in favor of Plaintiffs and against Defendant Louisville Mechanical in an unknown amount for any and all audit fees associated with the payroll compliance audit pursuant to the Collection Policy/Audit Procedures;

D. That Judgment be entered in favor of Plaintiffs and against Defendant Louisville Mechanical for any other contributions, union dues, liquidated damages, and interest that are found to be due and owing in addition to the amounts referenced in paragraphs B and C above;

E. That Defendant Louisville Mechanical be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements, Collection Policy/Audit Procedures, and 29 U.S.C. §1132(g)(2)(D); and

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant Louisville Mechanical's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully submitted,

/s/ Dennis R. Johnson
Dennis R. Johnson (KY Bar No. 96387)
Johnson & Krol, LLC
300 S. Wacker Drive, Suite 1313
Chicago, Illinois 60606
(312) 372-8587
johnson@johnsonkrol.com

*Attorney for Plaintiffs:*
Plumbers and Pipefitters Local 502 Health and Welfare Trust Fund;
Plumbers and Pipefitters Locals 502 & 633 Pension Trust Fund;
Plumbers and Pipefitters Local 502 Joint Educational & Training Fund;
Mechanical Industry Promotion Fund of Kentucky;
Piping Industries Cooperative of Kentuckiana; and
Plumbers, Pipefitters and Service Technicians Local 502